Mr. Johnson v. Diguglielmo. Ms. Bryan. May it please the court. Elaine Bryn for the appellant, Darren Johnson. Good afternoon Judge Chiaris, Judge Fuentes, Judge Aldisart, and good afternoon Mr. Fallon. The issue raised in this case is whether the district court erred by denying appellant's due process claims procedurally defaulted. And two, by denying appellant's claim, the counsel was ineffective for failing to seek the judge's impartiality. You seem to waive that procedural due process, procedural default rather, issue by not raising it in your opening brief. Well, Your Honor, with all due respect, I believe that we were asked by letter brief to address two additional issues, and the first one was whether Mr. Johnson exhausted the state remedies of his due process judicial claim. And the answer to that is, it depends. It depends on whether the claim is considered alone, or it depends whether or not it is considered as a claim of ineffective assistance of counsel. Counsel, I'm sorry to interrupt, but Judge Fuentes asked you, is it waived because it wasn't in your opening brief? I mean, I know we asked you, we asked you because it wasn't in your brief. Does that constitute a waiver? Well, I don't think so, because the answer of exhaustion on direct appeal is, the answer is yes. It was not exhausted on direct appeal, the issue. But the issue of whether or not the claim of due process judicial bias as a prong of stricter. I'm sorry, I'm confused. The issue is procedural default. You seem to concede that your client's issue is procedurally defaulted, and you then started to argue cause and effect. So you seem to have conceded a procedural default here. And my question, and Judge Figueres' question, is have you not waived that issue by not raising it in your opening brief? I don't think so, Judge, because I did address procedural default as previously litigated. And I did a full examination of whether or not it was previously litigated. And what I argued was that on the first round in the state court, where the appellant raised due process judicial bias, the superior court said that there was no merit to it under a weight of the evidence claim. But the second issue, where the defendant brought that back as a second prong in a strickland argument, that was fully argued. And what I said was, judicial previously litigated as a procedural default as the state has claimed, the defendant can overcome. And I believe in my supplement, Your Honor, there's courts here in this circuit that have said that PCRA's previously litigated rule is not a state procedural requirement within the meaning of Coleman. Meaning if the lower court finds that it was previously litigated, the defendant, in this case, the appellant... It takes back for a second. The issues that were presented to the collateral review state court, there were numerous, but the one significant for us are judicial bias. Go ahead. I'm sorry, Your Honor. In the context of an ineffective assistance of counsel claim. And that is an issue. Now, I will say, and I did look back on the record, that the defendant has raised it in various, in several modes, several times. But the ineffective assistance of counsel claim was precluded in state review as previously litigated. And that did not get a fair... How many specific issues are presented to us on appeal? On direct appeal? In the habeas petition. Oh, in the habeas petition? These are certified issues, are they not? Well, there are multiple issues that were raised in the habeas, Your Honor. What was certified was whether or not by denying the appellant's due process claim is procedurally defaulted. And by denying that the appellant's claim of counsel, that counsel was ineffective for failing to seek the judge's impartiality. And what happened in this case, judges, the claims were raised mixed. There is a difference between, the defendant tried to raise a judicial impartiality by way, in the state, by way of, a way to the evidence. And on that, Your Honor, he did not exhaust. He raised it, it's three arguments on direct appeal. He said there was no motive, he said the court considered improper facts, and he said the judge was biased. The way he raised it on direct appeal, Your Honor, he did not exhaust his state claims. And even he knows that, because he filed a second PCRA on March 30th, 2001, that was determined to be untimely. And in that, he tried to raise again that his appellant, that his appellate counsel was ineffective for failing to raise the due process claim. So on that, Your Honor, the defendant has failed to exhaust a judicial, a state court review. So, that's separate and aside. Let me, let me just ask you a general question. Can claims which a state collateral court rules have been previously litigated, and therefore, the state court does not reach on the merits, be presented in a habeas petition to a federal court, if they were not, or are they procedurally defaulting? It depends, Your Honor. If they weren't exhausted, you can't bring them up. Let us say they have been exhausted. If they were found previously litigated by a state court, they could bring it up. The Commonwealth here says that if the court rules that they have been previously litigated, therefore, there is a procedural default, and you cannot present them in a habeas petition. Well, Your Honor, I will direct this court back to what other courts in this circuit have held, and that would be specifically Alford v. Johnson, and also Moore v. Beard, which I did provide to the court. Ms. Britt? Yes? Why is the district court in this very case wrong? Because, Your Honor, the defendant did not, was not procedurally defaulted on the issue of ineffective assent of counsel of his, that he was not previously defaulted on his, on the, I'm sorry, Your Honor. The district court is wrong because this defendant did not get a fair review under the Sixth Amendment or under the Fourteenth Amendment of his claim of ineffective assistance of counsel of his trial lawyer failing to recuse himself when there was quite a bit of evidence to show the judge was biased in this bench trial. And also, Your Honor, if I may. What relief are you seeking from us, Ms. Sprint? I'm seeking, Your Honor, that this case should be remanded back to the state and that the defendant should get a new trial. All the way back to the state? I do, Your Honor. This is a conviction of a first. Should it not go back to the district court, Ms. Sprint? Ultimately, Your Honor, the relief that I'm seeking is a new trial. So if this court would grant back to the district court for an evidentiary hearing, that would of course be the process. But the ultimate is I believe that this defendant should be entitled to a new trial. It was a first degree conviction. If you say that the district court was wrong in ruling that the habeas claims were procedurally defaulted and we were to agree with you, would we not send it back to the district court to address the merits of the petition? Yes, Your Honor. I might ask for an evidentiary hearing and establish a record in the lower court. Could we deal with exhaustion for a minute? Yes. I think you can see that on direct appeal, no federal claim was raised. Yes. And I think the defendant also says that because he came back as a pro se litigant and he tried to raise that claim again that his appellate counsel, who was also his trial counsel, failed to raise it. So is your argument then that the federal claim was actually raised during PCRA? Absolutely. On two scores under the Sixth Amendment, which is an ineffective assistance of counsel standard, which is a Strickland standard, whereas the review in state court was just on a way to de-evidence, which the standard was a verdict so contrary is to shock the one sense of justice and make an award of a new trial imperative. I mean, these are very, very different standards. And I believe that the judicial, that the review of the judicial bias is important because it was the second prong of Strickland. Where was the prejudice in this case? And I think because we had a waiver trial without a jury that the judge in this case, her Honor, who has passed now, Judge Richette, she heard the evidence and Judge, your Honor, she was the PCRA judge. Ms. Bryn, this is Judge Aldershot and I'm interrupting you. Can't you argue that, my phrase this way, does this court have the power to say the court by labeling this as a procedural default because there was no procedure that the defendant should have obeyed to obtain collateral review of the claim? Now, is there any way that we can meet this question on the merits on judicial bias? Do we have the power without remanding? Well, if we look at the ineffective assistance of counsel PCRA petitions, I looked at them carefully, Judge, and we can only consider the first one because the second one where the defendant tries to cure or to bring back some issues, that's untimely. But I believe that this court has a sufficient record because I believe that the defendant in his pro se petition and Mr. Rendine in his counsel petition put before the court a substantial portion of the court trial record, which is replete. Isn't that more a function of the district court, the trial court, rather than the appellate court? It could go back to the district court with instructions, I believe. Does your ineffective assistance of counsel claim hinge on finding a judicial bias? A judicial bias as set forth in the record. Yes, I think the record is... The answer, Ms. Lynn, is yes, absolutely. Yes, absolutely, Your Honor. Okay. Well, if it goes on the merits, I mean, you have an uphill battle, right? Wouldn't there be a DPA deference to the last state court decision? The state court never addressed an ineffective assistance of counsel claim where the prong of judicial bias was addressed. And the appellate court never... They use the weight of the evidence. Thank you, Your Honor. Thank you. Let's hear from Mr. Fallon. May it please the court, my name is Robert Fallon from the Philadelphia DA's office, representing David DiGuglielmo in this matter. Good morning, or good afternoon, Your Honors. The defaults in this case are difficult. They're very complex, and the previous litigation rule, in some circumstances, can pose problems with regard to default. But that is not one of those cases. And I think that this court might make use of Section 2254b2 of the amended habeas statute, which allows a federal court to avoid exhaustion issues, and by extension default issues, and reach the merits to deny relief. And I think that is an advisable course here, because the claims here are relatively weak. The core of the... Let me ask you, is it your view that once a collateral review court says that an issue has been previously litigated, that claim, which has been previously litigated, cannot be presented in the habeas petition? Or if it is, a district court is obligated to dismiss it as procedurally defaulted? Is that your view? That is not my... My view isn't as universal as that, Your Honor. It is... The previous litigation rule, in some circumstances, can be an inadequate bar to federal habeas review. And I'll give the court an example of that type of situation, which we don't have here. If on direct appeal, a defendant argues that my confession was inadmissible for reason A, and the superior court denies that on the merits and says reason A is meritless. And then on PCRA review, the same defendant says, my appellate attorney shouldn't have argued that my confession was inadmissible just for reason A, but also for reasons B and C. If the superior court, in that circumstance, says this issue has been previously litigated, there are problems with that because, number one, it's an appellate counsel ineffectiveness claim, which couldn't have been raised prior to the PCRA. Not only that, you have an ineffective assistance of counsel claim presented in the collateral review court, which, of course, can be presented in a habeas petition. Right, and also another key factor there is that the prior superior court decision didn't knock out the core factual predicate for the subsequent claim. Okay, let's go back to this case. Yes, sir. In this case, what you have here, you do have an ineffectiveness claim presented on PCRA review, but pre-Commonwealth v. Collins, which was decided some years after Mr. Johnson's PCRA appeal, the focus of the previous litigation rule was not on whether it was a different claim as an analytical matter or a doctrinal matter. It was, did the claim, as briefed, present a meaningfully different issue than was litigated on direct appeal? And here, if you look at the briefs, and I think it's very important to focus on the briefs, the state court appellate briefs, the defendant there, Mr. Johnson here, on PCRA review, he did raise the ineffectiveness claim, but all he did was cite the general standard for ineffective assistance of counsel. He then went right to the underlying issue, and that underlying issue was just a simple variation of what he had argued on direct appeal. He raised the very same factual allegations of bias that were rejected, and that was the core of his ineffectiveness claim. If he had done something more... It was the issue, essentially, of judicial bias. Right, based on the same allegations that... And the collateral review court said, you already litigated that. It's previously litigated. I'm not going to hear it again. Then he takes that issue and presents it in the habeas petition. Correct. Why is that procedurally defaulted? Because the, it's really, it was a failure by Mr. Johnson to move the ball forward on PCRA review that led to the default. If he had taken steps to meaningfully develop the ineffectiveness claim, and not just call it a new claim, but make allegations that weren't rejected on direct appeal, then he could honestly say, I have a new claim that is different than what I already presented. The superior court, in essence, on PCRA review said that this is really a waste of our time, because even though there's a new label on the claim of ineffectiveness, it's really just the same old issue. But it seems like the collateral review court can essentially insulate from habeas review any claim presented on direct appeal by simply saying previously litigated. And that's where... That doesn't seem very fair to me. In some situations it's not. In, I believe the case was Wright v. Varner, we conceded that the application of the previous litigation rule was, was inadequate because it deprived the state prisoner of any reasonable opportunity to present his claim. And the situation there was what I alluded to earlier. It was a claim that appellate counsel improperly presented the prior claim. And the defendant in that case... Well, let me back up. In Wright, what happened was, on direct appeal, the defendant argued that trial counsel should have called a witness in the defense. The superior court looked at that claim and said, this isn't properly pleaded, you haven't submitted an affidavit from the missing witness or explained exactly what the missing witness's testimony would be. So it never really got to the underlying issue. On PCRA review, the defendant argued my appellate attorney was ineffective because he didn't present this issue correctly, and therefore the underlying issue was never fully and fairly litigated. In that situation, we conceded that, yes, that's an adequacy problem because it's a meaningfully different claim. Whereas here, if you look beyond the form, the label, it's really the same claim. The core factual predicate is, did Judge Rochette's questioning during opening argument show bias? And there's no other allegation presented on PCRA appeal that would make the superior court think that it was worth its time to go back and re-review what the issue it had rejected on direct appeal. So what rule should we adopt? Or is this a case-by-case evaluation under your argument? I think it has to be a case-by-case analysis, Your Honor. And that's why perhaps 2254b2 is a good option here because the court wouldn't have to wade into this thicket, which is very complicated, and instead could deny the claim on the merits. Because in those circumstances where it's an appellate counsel in effecting this claim and the claim is based on allegations that weren't core, let me back up, and the defendant meaningfully advances the claim on PCRA review, we generally think there is truly an adequacy problem in that situation. The claim essentially in the direct appeal was judicial bias and that affected the overall evidence that was presented against me, so there's an insufficiency of evidence claim. It was then refashioned as a judicial bias denial of due process in the PCRA court. Correct. Is that correct, so far? That's correct. That's the claim that you say cannot now be presented on habeas appeal. And that's because, as you say, it was previously litigated. Right, and I think if the defendant had done something else here, added something to the claim, for example, in his pro se habeas petition, Mr. Johnson argued that Judge Rochette was biased not only based on her questions during opening argument, but also he based his allegation of bias on an allegation that Judge Rochette had lunch with the victim's family. See, what I'm going to follow is that he exhausted the claim, it is a constitutional claim, he is claiming that the trial was flawed based on a violation of his constitutional rights, but you say because the PCRA court says it was previously litigated, it cannot be presented in a federal court. Right. That's your view. That is my view, Your Honor, because if we're talking about the adequacy of that previous litigation rule, the question has to be did he have a reasonable opportunity to present the ineffectiveness claim? And I think he did. Counsel, you know, I'm viewing these arguments and I've seen the cases, you started out by saying this is a very complicated situation and so forth. I think it is very complicated because you, the Commonwealth of Pennsylvania, made it complicated. I think you were sure on the case on the merits. I don't understand why you don't take the position that the court erred by saying that it was procedurally defaulted, that is to say that it was decided on an independent state ground, therefore it's not subject to review, but actually it was previously litigated. I can't get excited about the notion because by saying that something is previously litigated, that the federal courts do not have jurisdiction in habeas corpus because all the issues that we get are previously litigated, otherwise they're not exhausted. It seems to me that the question is, we have two questions certified here. One, whether the due process judicial bias claim is procedurally defaulted. Why can't the answer be saying yes because it was previously litigated and therefore the court under B can consider the merits. We proceed to the merits and say on the basis of this we find no judicial bias and on the basis of finding no judicial bias there cannot be a strickland issue. I think why I'm making the argument I am, the procedural default argument, is because the state has to be entitled to enforce reasonable procedural rules. Here the previous litigation rule is designed to discourage state prisoners from just rehashing claims that have already been litigated in a prior proceeding. That issue was decided first in Justice Brennan's opinion in Fay v. Noya and later confirmed by the state in Act 2254. Once the constitutional issues are decided by the state courts, the defendant has another bite of the apple. That's true where he fairly presents the claim in state court. Fair presentation, Your Honor, requires both the facts and legal theory to be presented in the state courts. If you look at the claims... What you're doing there is you are crossing the threshold and saying that the rights of the plaintiffs were denied in the federal court because he was denied this opportunity to argue this question of judicial bias by the simple statement of the superior court in one sentence saying that the issue of judicial bias is rejected. Maybe I'm too long in the tooth here, but I don't understand why the state insists on making this as complicated. And it isn't on this case, it's a number of cases. It is complicated, but I think the position... How does it hurt the state to say this issue was litigated, a decision was made, let's go to the merits? The state here... Why does the state try to mix up previously litigated with procedural defaulted? Procedural defaulted is a favorable argument in favor of the state when you are saying there is an independent state ground and therefore the federal courts do not have jurisdiction. To me, once the court says we reject this contention, to me that's a decision of the court. It's based on the judicial bias issue was a constitutional issue of deprivation of due process. It's a federal constitutional question. It is not necessarily an independent state ground. Why do we complicate these things? It's important interest for the state, Your Honor. In Pennsylvania, it's a serious problem of prisoners who take a direct claim of error that's already been litigated and then on a new round of appellate review, they put a new label on it without meaningfully developing the new claim. What is the new label that was put on it? The new label is ineffectiveness, but there was no specific... No, that was presented in the collateral review court. I'm sorry, Your Honor, I'm referring to the PCRA. It was new on PCRA. Well, it can only be presented in the collateral review. You can't argue an effective assistance on direct review. Right, and I'm not saying he was obligated to do so. What I'm saying is that he was obligated to meaningfully brief his claim. If you will, the previous litigation rule as applied in this case, it was a pleading requirement. We only have really two essential requirements. We have to conclude that the claim was exhausted in the state court. We have to conclude it was not procedurally defaulted. If we arrive at those conclusions, we have to hear the habeas claim. Correct, Your Honor. We addressed it on the merits, right? We don't have to engage in this process that you suggest whether the claim was fully briefed and fully argued and so forth? Well, that deals with whether the default should be respected on habeas review. Do you agree that the claim was exhausted? It was exhausted on PCRA review, yes, Your Honor. Okay, good. Then all we have to determine is whether it was procedurally defaulted or not, right? That's correct. And if we disagree with you, the claim goes back to the district court? I think the court could review it. I think the record is complete. Review what? You want us to review the merits of whether the judge was biased in the state court proceeding? Yes, I think you can review that issue. It's based on the record. It's before the court. And also, the district court did, in an alternative decision, address the merits of the claim. So my time is up. Thank you, Mr. Fowley. Before you go, I have another question. I think this is an important case. And I understand that other panels of this court have the same issue or a related issue. So that I understand your position. When you say something is procedurally defaulted, are you arguing then that we do not have jurisdiction to recognize it in a federal forum? Because when we say procedural defaulted, we're talking about an independent state ground. Is that the heart of your argument? Yes, Your Honor. I'm arguing the previous litigation rule is an independent and adequate state ground. Would you repeat that, please? I am arguing that the previous litigation rule as applied in this case is an independent and adequate state ground. Okay. All right. Thank you. Thank you, Your Honor. Mr. Fowley? Ms. Breen? Just briefly, Your Honors. The Commonwealth has said that they think that these matters should be taken a hard look at on a case-by-case basis. Just a very quick review of the facts of this case. As I previously said, this was a first-degree murder verdict by Judge Rochette after a trial without a jury. The post-conviction PCRA petition went back to Judge Rochette. The review would have been by the same judge on an issue of judicial bias who heard the case. In essence, what the defendant would be asking the state court to do, and actually the lower court to do, Judge Rochette, would be to make a determination that she should have recused herself and grant him new trial. In essence, under post-conviction, the defendant would have been asking his trial judge to say, Judge, you were biased against me and I didn't get a fair trial and I did get a first-degree murder conviction. Ms. Bren, would you object that we, this court, consider your arguments on the merits? One, whether she, the trial judge, was biased, and secondly, whether there was a comprehensive counsel for not raising that issue? I have no objection to that, Your Honor. As long as this court has a really good collection of the trial transcripts, which I did look at our transcripts, and as long as every page is clear, I have no objection at all. All right. It's overruling the Pennsylvania Supreme Court, I suppose. That the transcripts are fine? No, no. The merits, they determined that there was no judicial bias. Did they? They didn't, Your Honor. The Superior Court made a determination as to weight of the evidence, of which part of the defendant's argument on direct appeal was that the judge was biased, but there were two other issues as to weight of the evidence. No motive or evidence of a previous violent character, improper facts considering, and the judge was biased. And they used a weight of the evidence standard. A verdict so contrary to shock one's sense of justice. And this would have been Judge Reschett's own sole decision. So the issue was retooled for the collateral review court? Well, I don't say retooled, Judge. I say, and the defendant had raised, that his counsel should have objected and asked Judge Reschett, based on the record, which I have no problem with this court reviewing. Based on the record, his trial counsel should have said, Judge, I would ask you to recuse yourself based on the remarks. And this case was very unusual in the fact that when this court, if this court chooses to review the record, you'll see that Judge Reschett conducted fully a large portion of the case. Let me interrupt you because time is fleeting here. On the question of the Supreme Court or the highest appellate court in the state deciding the issue of judicial bias, was that based on the determination that there was no deprivation of due process or any other constitutional issue on the question of bias? I don't believe... Or was it an independent state ground? I don't believe that the court ever addressed the judicial bias claim on direct appeal. They addressed a weight of the evidence argument and they made some, they made pretty clear what the decision was. Well, this is critical. It was a superior court making the statement, the question of judicial bias has been decided. Right? Yes. Okay. And you are... If that was decided on an independent state ground and not on a constitutional issue, then we cannot notice that in the federal court. Is that right? Judge Aldersart, that was not the basis of this superior court's decision. The superior court's decision only made a decision on weight of the evidence and sufficiency of the evidence, which were the only two issues that were brought before them. Okay. So they never made a final ruling on judicial bias by itself. All right. Well, that doesn't help you at all. That makes an independent state ground. Weight of the evidence, etc. But, Your Honor, for the ineffective assistance of counsel claim, which is before this court, whether or not the judge was biased is the issue. All right, Ms. Prince. Thank you very much. Thank you both for your arguments this afternoon. The court will take the case under advisement. Thank you.